MURPHY, Circuit Judge,
joined by KELLY, Circuit Judge, concurring.
I concur in the majority’s well-stated opinion. I write separately, however, to express serious misgivings with this court’s precedents that usurp the district courts’ sentencing discretion.
On appeal, Mateo asserts as follows: (1) the sentence imposed by the district court is contrary to the policy considerations set out in the Sentencing Guidelines; and (2) the sentence imposed by the district court is unreasonable in reference to the factors set out in 18 U.S.C. § 3553. The majority persuasively and correctly rejects both of Mateo’s contentions.
A district court is not free to impose a sentence outside the range set out in the advisory Sentencing Guidelines based simply on its disagreement with the policies underlying the Guidelines. United States v. McCullough, 457 F.3d 1150, 1171-72 (10th Cir.2006) (discussing variances from the advisory Guidelines range based on mere disagreement with the 100:1 crack to powder cocaine ratio set out in the Guidelines). The Guidelines specifically prohibit upward departures from an advisory Guidelines range based solely on a defendant’s arrest record. U.S.S.G. § 4A1.3(a)(3) (“A prior arrest record itself shall not be considered for purposes of an upward departure under this policy statement.”). Mateo contends the sentence imposed by the district court is contrary to § 4A1.3(a)(3).
In contrast to Mateo’s assertion, a close review of the sentencing transcript demonstrates the district court did not simply rely on the existence of Mateo’s arrest record in deciding to impose a sentence outside of the advisory Guideline range. Instead, the district court began the sentencing process by properly calculating Mateo’s advisory Guidelines range. The district court then balanced that range and the policy statements underlying the Guidelines, 18 U.S.C. § 3553(a)(4), (5), with Mateo’s background and characteristics, the circumstances of the offense, and the need to provide adequate deterrence and protect the public from further crimes, id. § 3553(a)(1), (2). As part of the district court’s balancing of the § 3553(a) factors, the district court concluded Mateo’s character and background — specifically including his extensive, consistent, and serious involvement in criminal activity, as evidenced by his prior convictions, prior arrests, and the circumstances surrounding the prior arrests — “demonstrate[d] a pattern of and commitment to a criminal lifestyle ... that is consistent with criminal activity and patterns one typically sees for armed career criminals.” Thus, under the very unique circumstances of this case, the factors set out in § 3553(a)(1) and (2) justified a sentence significantly higher than set out in the advisory Guidelines range. The sentence imposed by the district court is not a rejection of the policy statements in § 4A1.3(a)(3), but a careful balancing of the factors set out in § 3553(a).
I also agree with the majority that the sentence imposed by the district court is reasonable and that such a conclusion is faithful to this court’s precedents regarding appellate review of sentences for reasonableness. See Majority Op. at 1168-70 (collecting and analyzing cases). What I question is this court’s developing insistence that district courts take extraordinary steps to justify sentences outside the range set out in the advisory Sentencing Guidelines. United States v. Cage, 451 F.3d 585, 593-95 (10th Cir.2006) (holding that sentencing factors set out in § 3553(a) relating to the advisory Guidelines range are more important than other statutory *1172 factors and that the farther a sentence deviates from the advisory Guidelines range the greater the justification a district court must provide); see also United States v. Shaw, 471 F.3d 1136, 1141 (10th Cir.2006) (applying Cage and affirming sentence 48% above advisory Guidelines range because the district court had identified a “substantial justification” for the divergence); United States v. Valtierra-Rojas, 468 F.3d 1235, 1236 (10th Cir.2006) (holding that in light of Cage, court was obligated to closely examine sentence 122% above high end of the advisory sentencing range); United States v. Bishop, 469 F.3d 896, 899 (10th Cir.2006) (holding that in light of Cage, a 37% deviation from the advisory Guidelines range “is a significant increase that requires sufficient explanation and justification”).
It is absolutely clear following the Supreme Court’s decision in United States v. Booker, 543 U.S. 220, 259-60, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that when imposing a sentence the district courts must consider the factors set out in § 3553(a). As noted by the Court in Booker, the range set out in the advisory Sentencing Guidelines and the policy statements of the Sentencing Commission are among those factors. Id. Nothing in either Booker or the plain text of § 3553(a) indicates that the sentencing factors relating to the Sentencing Guidelines have primacy over the sentencing factors not relating directly to the Guidelines. Under this circuit’s precedents, however, some of the statutory sentencing factors are apparently more equal than others. Cage, 451 F.3d at 593-94. That is, the greater the deviation from the range set out in the advisory Sentencing Guidelines, the greater the burden on the district court to justify the sentence. Id. at 594. The rule set out in Cage has led to the utterly bizarre circumstance where this court tries to quantify, in something that looks just like de novo review, just how extreme the circumstances must be to justify a 471% (or 122%, 48%, 37%) deviation from the advisory Guideline range. But see Booker, 543 U.S. at 259, 125 S.Ct. 738 (specifically noting that provision of 18 U.S.C. § 3742(e) requiring de novo review of departures from the applicable Guideline range must be severed to render the Sentencing Reform Act constitutional).
This case is a perfect example of the irrationality of appellate review of sentences in this circuit. The federal district courts impose sentences on numerous defendants and have a clear institutional advantage when it comes to discerning which defendants are in need of harsh punishment and which are in need of leniency. In this case, the district court brought that institutional advantage to bear, concluding that Mateo was an exceptionally dangerous individual in need of an exceptionally severe sentence. In so doing, the district court weighed Mateo’s personal characteristics, the circumstances of his crime, the need to protect the public, and the need for deterrence with the policy statements of the Sentencing Commission and the advisory range set out in the Guidelines. On appeal, pursuant to the system required by Cage, this court is required to undertake that same analysis, but without the institutional advantage native to the district court, all in what would appear to be an attempt to force the district courts to hew as close to the Guidelines range as possible. It is odd, indeed, to see how quickly the appellate standard of reasonableness set out in Booker has morphed into a mathematical exercise pegged exclusively to those sentencing factors in § 3553(a) relating to the advisory Guidelines. But see Booker, 543 U.S. at 261, 125 S.Ct. 738 (“Section 3553(a) remains in effect, and *1173 sets forth numerous factors that guide sentencing.”)
Although many might bemoan the decision in Booker, it is the law of the land. The Guidelines are no longer mandatory and it is improper for this court to impose a system of appellate review that seeks to return this circuit, defacto, to a mandatory system. As recently noted by the Seventh Circuit,
[T]he standard of reasonableness, introduced by the Booker decision, confers broad sentencing discretion. The judge must consider the guidelines but is in no sense bound by them. He is bound only by the statutory sentencing factors, 18 U.S.C. § 3553(a), which are both numerous and vague, thus giving the judge a great deal of running room.
United States v. Bullion, 466 F.3d 574, 575 (7th Cir.2006). The district court here recognized that it was required to consider the factors in § 3553(a) in arriving at a sentence, and it did in fact consider those factors. Were I the sentencing judge, I might not have imposed the same sentence as did the district court. The balance struck by the district court, however, is certainly not unreasonable. For that reason alone, I would affirm the district court. Id. at 577 (holding that arguments like those at issue in this case, i.e., the district court struck the wrong balance of mitigating and aggravating circumstances in arriving at a sentence, “are arguments to address to a sentencing judge, not to an appellate court. No precise weights can be assigned to such factors in the sentencing balance.... The striking of a balance of uncertainties can rarely be deemed unreasonable ....”). Nevertheless, because Cage requires the analysis undertaken in the majority opinion, I respectfully concur.